CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

APR 16 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| LARRY HUGHES, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20cv14 |
| ) | State Court No. CL20-410 |
| v. ) | |
| ) | **ORDER** |
| RALPH S. NORTHAM, ) | |
| ) | |
| Defendant. ) | |

This case was recently removed from the Circuit Court for Russell County to the United States District Court for the Western District of Virginia at Abingdon. This court, finding it necessary and proper to do so, hereby REQUESTS that the original case file in your Court be forwarded to the Clerk of this court at 180 W. Main Street, Room 104, Abingdon, VA 24210, or submitted through this court's Case Management and Electronic Case Filing system (CM/ECF).

The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Russell County.

ENTERED: April 7, 2020

/s/ *Pamela Meade Sargent*
United States Magistrate Judge

**VIRGINIA: IN THE CIRCUIT COURT OF RUSSELL COUNTY**

**LARRY HUGHES,**
    Complainant,

v.                                                      Civil Action No.:  CL20-410

**RALPH S. NORTHAM,**
    Defendant.

Serve:

Mark Herring
Attorney General
900 East Main Street
Richmond, VA 23219

Filed in the Clerk's Office the 2 day of April, 20 20
Writ Tax $ 5.00
Clerk's Fee 50.00
Other Fees 30.00     **ANN S. McREYNOLDS, CLERK**
Total Paid $ 85.00   Kendra Cook  **D.C.**

## PETITION FOR DECLARATORY JUDGMENT

COMES now the undersigned, Larry Hughes, pursuant to Virginia Code 8.01-184, et seq., of the Code of Virginia and moves this Court for the entry of an order declaring that Executive Order 55, entered March 30, 2020, by Gov. Ralph S. Northam, as it relates to limiting religious services to no more than ten (10) persons, constitutes a violation of Article 1, Amendment 1, of the United States Constitution; the Article 1, Section 1 of the Virginia Constitution guarantee of the enjoyment of life and liberty (facially and/or as applied); the Article 1, Section 2 of the Virginia Constitution guarantee that the people are the source of power in the Commonwealth (facially and/or as applied); the Article 1, Section 7 of the Virginia Constitution, guarantee that laws may not be suspended without consent of the representatives of the people (facially and/or as applied; and the Article 1, Section 16 of the Virginia Constitution guarantee of the free exercise of religion according to the dictates of individual conscience (facially and as applied). In support thereof, your Petitioner states as follows:

1. Your petitioner is a citizen of the Commonwealth of Virginia, residing at all relevant times in Russell County, Virginia.

2. Plaintiff is a professing Christian, and has regularly attended religious services for many years.

3. On March 23, 2020, Ralph S. Northam ("Northam"), as Governor of the Commonwealth of Virginia signed Executive Order 53 ("EO 53"). A copy of which is attached hereto and incorporated by reference herein marked as Exhibit 1.

4. On March 30, 2020, Northam signed Executive Order 55 ("EO 55"). A copy of which is attached hereto and incorporated by reference herein marked as Exhibit 2.

5. EO 55 (2) specifically prohibits public and private gatherings, including "religious" from being composed of more than ten (10) individuals, violation of the same being a class 1 misedemanor. Consequently, religious gatherings are treated the same as sporting events, parties, etc.

6. At the same time, the ten (10) person limit does not apply to, inter alia, businesses not required to close to the public under EO 53.

7. EO 53 (5) lists various businesses deemed to be *essential*, including beer, wine and liquor stores, laundromats and dry cleaners, and even cash to pay-day shops, without limitations on employees or patrons.

8. EO 53 (8) also contemplates all other businesses remaining open, except those referenced in EO 53 (4), without limitation on employees or patrons if "social distancing" recommendations are observed

9. Interestingly, EO 53 and EO 55 clearly state neither are intended to limit access to elective health and medical services, or operations of the media (presumably

2

due to the protections afforded under constitutional law, including, but not limited to, Article 1, Section 12 of the Virginia).

10. EO 55 (2) has a chilling effect on Petitioner's right to religious freedom due to the ten (10) person limit, because he will not know the number of participants that may be at a service until he arrives. Even the pastor of a church may fear numerical non-compliance and simply close the doors to avoid turning out participants during service if the number suddenly exceeds the permissible limit.

11. EO 55, taken as a whole, and in relationship to EO 53, is not a "religiously neutral" law, and substantially interferes with the Petitioner's exercise of his Christian faith, and forces Petitioner to choose between fidelity to his religious belief and punishment, and thereby bringing unlawful coercion to bear on his choice.

12. EO 55, taken as a whole, and in relationship to EO 53, ignores the special status and protections afforded Virginians relative to their religious liberties recognized, and more clearly amplified than in the United States Constitution. Article 1, Section 16, of the Virginia Constitution clearly states that the way a person discharges their religion cannot be directed by force, nor shall he be restrained in his body.

13. Consequently, "reason and conviction" are the only permissible tools available to the Commonwealth to persuade citizens from attending church services. Whether a church should shut their doors under the current circumstances, is a matter which Article 1, Section 16, requires be left to the leadership and congregation of the church, not executive fiat.

14. Assuming the existence of a compelling state interest, the Commonwealth

3

cannot establish the ten (10) person numerical limitation is the least restrictive when so many other secular activities are permitted conditioned only on complying with social distancing guidelines.

16. A case and controversy exists as to the constitutionality of EO 55(2) as it relates to religious gatherings.

17. Easter Sunday falls on April 12, 2020. EO 55(2) will have a chilling effect on Petitioner's right to attend Easter services.

18. Given that Petitioner is likely to prevail on the merits of his claim, and the importance of Easter within the Christian Faith, it is requested that at the very least a temporary injunction be issued until the merits of this case may be heard, or, alternatively, April 12, 2020, in order for Christians, who so choose, to attend Easter services at their church, without concern the state police or deputies will begin arresting congregants.

WHEREFORE, the undersigned, Larry Hughes, pursuant to Virginia Code 8.01-184, et seq., of the code of Virginia, moves this Court for the entry of a temporary injunction against enforcement of EO 55(2), as it applies to churches, and thereafter, the entry of order declaring that Executive Order 55, entered March 30, 2020, by Gov. Ralph S. Northam, as it relates to limiting religious services to no more than ten (10) constitutes a violation of Article I, Amendment I, of the United States Constitution; of Article 1, Section 1 of the Virginia Constitution guarantee of the enjoyment of life and liberty (facially and as applied); the Article 1, Section 2 of the Virginia Constitution guarantee that the people are the source of power in the Commonwealth (facially and as applied); the Article 1, Section 7 of the Virginia Constitution, guaranteeing that laws may not be

4

suspended without consent of the representatives of the people; and the Article 1, Section 16 of the Virginia Constitution guarantee of the free exercise of religion according to the dictates of individual conscience (facially and as applied), and that the Commonwealth of Virginia be enjoined from enforcing the same.

## NOTICE OF HEARING

Please take notice that on _____ the undersigned will appear in the Russell County Circuit Court, at the Courthouse in Lebanon, Va., and move for the entry of an order temporarily enjoining enforcement of EO 55(2), as it relates to churches. You are invited to attend.

                                                LARRY HUGHES
                                                By Counsel

Terrence Shea Cook
VSB #34832
T. Shea Cook, P. C.
P.O. Box 507
Richlands, Va. 24641
276-963-4332- office
276-963-6271- fax
tsheacook@yahoo.com

5

**COVER SHEET FOR FILING CIVIL ACTIONS**  Case No. ...........................................
COMMONWEALTH OF VIRGINIA                                      (CLERK'S OFFICE USE ONLY)

............................................RUSSELL COUNTY........................................... Circuit Court

............LARRY HUGHES................ v./In re: ............RALPH NORTHAM.............
            PLAINTIFF(S)                                           DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Counterclaim
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
    [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
    [ ] ABC Board
    [ ] Board of Zoning
    [ ] Compensation Board
    [ ] DMV License Suspension
    [ ] Employee Grievance Decision
    [ ] Employment Commission
    [ ] Local Government
    [ ] Marine Resources Commission
    [ ] School Board
    [ ] Voter Registration
    [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
    [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
    [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
    [ ] Complaint – Contested*
    [ ] Complaint – Uncontested*
    [ ] Counterclaim/Responsive Pleading
    [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
    [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
    [ ] Guardian/Conservator
    [ ] Standby Guardian/Conservator
[ ] Trust (select one)
    [ ] Impress/Declare
    [ ] Reformation
[ ] Will (select one)
    [ ] Construe
    [ ] Contested

**MISCELLANEOUS**
[ ] Appointment (select one)
    [ ] Church Trustee
    [ ] Conservator of Peace
    [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[x] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
    [ ] Reinstatement pursuant to § 46.2-427
    [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
    [ ] Correct Erroneous State/Local
    [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify) .......................

[ ] Damages in the amount of $ ..................................... are claimed.

April 1, 2020
DATE                              [ ] PLAINTIFF   [ ] DEFENDANT   [√] ATTORNEY FOR [√] PLAINTIFF
                                                                                  [ ] DEFENDANT

T. SHEA COO
PRINT NAME
PO BOX 507
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
RICHLANDS, VA 24641

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/12



*Commonwealth of Virginia*
*Office of the Governor*



CIRCUIT COURT RUSSELL COUNTY
FILED
10:00 am
APR - 2 2020

_Kindru Cody_  b.
_____ CLERK

*Executive Order*

### NUMBER FIFTY-THREE (2020)

**TEMPORARY RESTRICTIONS ON RESTAURANTS, RECREATIONAL, ENTERTAINMENT, GATHERINGS, NON-ESSENTIAL RETAIL BUSINESSES, AND CLOSURE OF K-12 SCHOOLS DUE TO NOVEL CORONAVIRUS (COVID-19)**

**Importance of the Issue**

The Commonwealth of Virginia continues to respond to the novel coronavirus (COVID-19) pandemic. On March 13, 2020, I ordered all K-12 schools in the Commonwealth closed for two weeks. On March 17, 2020, I, along with the Virginia State Health Commissioner, issued an Order of the Governor and State Health Commissioner Declaration of Public Health Emergency (later amended) limiting the number of patrons in restaurants, fitness centers, and theaters to no more than 10 per establishment. Despite these measures, COVID-19 presents an ongoing threat to our communities. Information from the Virginia Department of Health reveals occurrences of the virus in every region of the Commonwealth. Indeed, the data suggests that in several regions there may be community spread of the virus.

Now, we must take additional long term action to mitigate the impacts of this virus on our Commonwealth. Guidance on School Closures from the Centers for Disease Control and Prevention indicates that medium term closures (8-20 weeks) have greater impact on minimizing the spread of COVID-19 than shorter term closures (2-8 weeks). This guidance is consistent with the expertise of public health officials and their models of continuing spread of COVID-19 throughout the Commonwealth and the nation. Unnecessary person-to-person contact increases the risk of transmission and community spread. Consequently, we must limit such interactions to those necessary to access food and essential materials. Protecting the health and ensuring the safety of every Virginian is my highest priority.

**Directive**

Therefore, by virtue of the authority vested in me by Article V, Section 7 of the Constitution of Virginia, by § 44-146.17 of the *Code of Virginia* and in furtherance of Executive Order 51, I order the following:

1. Effective 11:59 p.m., Tuesday, March 24, 2020 until 11:59 p.m., Thursday, April 23, 2020, all public and private in person gatherings of 10 or more individuals are prohibited.

2. Cessation of all in-person instruction at K-12 schools, public and private, for the remainder of the 2019-2020 school year. Facilities providing child care services may remain open. On March 18, 2020, the Commissioner of the Virginia Department of Social Services, Duke Storen, issued <u>a letter</u> with guidance for daycare providers operating in the Commonwealth, including group size limits of 10 and stringent public health guidelines to prevent the spread of COVID-19. That guidance remains effective and I urge all Virginians with school-age children to review it. In addition, I urge child care providers to prioritize services for children of essential personnel, while asking all families with the ability to keep their children home, to do so. To that end, the Virginia Department of Social Services and the Virginia Department of Education will issue guidance to communities about operationalizing emergency child care services for essential personnel.

3. Closure of all dining and congregation areas in restaurants, dining establishments, food courts, breweries, microbreweries, distilleries, wineries, tasting rooms, and farmers markets effective 11:59 p.m., Tuesday, March 24, 2020 until 11:59 p.m., Thursday, April 23, 2020. Restaurants, dining establishments, food courts, breweries, microbreweries, distilleries, wineries, tasting rooms, and farmers markets may continue to offer delivery and take-out services.

4. Closure of all public access to recreational and entertainment businesses, effective 11:59 p.m., Tuesday, March 24, 2020 until 11:59 p.m., Thursday, April 23, 2020 as set forth below:

   - Theaters, performing arts centers, concert venues, museums, and other indoor entertainment centers;
   - Fitness centers, gymnasiums, recreation centers, indoor sports facilities, and indoor exercise facilities;
   - Beauty salons, barbershops, spas, massage parlors, tanning salons, tattoo shops, and any other location where personal care or personal grooming services are performed that would not allow compliance with social distancing guidelines to remain six feet apart;
   - Racetracks and historic horse racing facilities; and
   - Bowling alleys, skating rinks, arcades, amusement parks, trampoline parks, fairs, arts and craft facilities, aquariums, zoos, escape rooms, indoor shooting ranges, public and private social clubs, and all other places of indoor public amusement.

5. Essential retail businesses may remain open during their normal business hours. Such businesses are:
   - Grocery stores, pharmacies, and other retailers that sell food and beverage products or pharmacy products, including dollar stores, and department stores with grocery or pharmacy operations;
   - Medical, laboratory, and vision supply retailers;
   - Electronic retailers that sell or service cell phones, computers, tablets, and other communications technology;
   - Automotive parts, accessories, and tire retailers as well as automotive repair facilities;
   - Home improvement, hardware, building material, and building supply retailers;
   - Lawn and garden equipment retailers;
   - Beer, wine, and liquor stores;
   - Retail functions of gas stations and convenience stores;
   - Retail located within healthcare facilities;
   - Banks and other financial institutions with retail functions;
   - Pet and feed stores;
   - Printing and office supply stores; and
   - Laundromats and dry cleaners.

6. Effective 11:59 p.m., Tuesday, March 24, 2020 until 11:59 p.m., Thursday, April 23, 2020, any brick and mortar retail business not listed in paragraph 5 may continue to operate but must limit all in-person shopping to no more than 10 patrons per establishment. If any such business cannot adhere to the 10 patron limit with proper social distancing requirements, it must close.

7. All businesses shall, to the extent possible, adhere to social distancing recommendations, enhanced sanitizing practices on common surfaces, and other appropriate workplace guidance from state and federal authorities while in operation.

8. Although business operations offering professional rather than retail services may remain open, they should utilize teleworking as much as possible. Where telework is not feasible, such business must adhere to social distancing recommendations, enhanced sanitizing practices on common surfaces, and apply the relevant workplace guidance from state and federal authorities.

9. Nothing in the Order shall limit: (a) the provision of health care or medical services; (b) access to essential services for low-income residents, such as food

banks; (c) the operations of the media; (d) law enforcement agencies; or (e) the operation of government.

Violation of paragraphs 1, 3, 4, and 6 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the *Code of Virginia*.

**Effective Date of this Executive Order**

This Executive Order shall be effective March 23, 2020, amends Amended Order of the Governor and State Health Commissioner Declaration of Public Health Emergency, Order of Public Health Emergency One, and shall remain in full force and in effect until amended or rescinded by further executive order.

Given under my hand and under the Seal of the Commonwealth of Virginia, this 23rd day of March, 2020.



_____
Ralph S. Northam, Governor

Attest:

_____
Kelly Thomasson, Secretary of the Commonwealth





*Commonwealth of Virginia*
*Office of the Governor*

*Executive Order*

CIRCUIT COURT RUSSELL COUNTY
**FILED**
10:00am
APR - 2 2020

kindru lock  b
_____CLERK

### NUMBER FIFTY-FIVE (2020)

### TEMPORARY STAY AT HOME ORDER
### DUE TO NOVEL CORONAVIRUS (COVID-19)

To reinforce the Commonwealth's response to COVID-19 and in furtherance of Executive Orders 51 (March 12, 2020) and 53 (March 23, 2020) and by virtue of the authority vested in me by Article V, Section 7 of the Constitution of Virginia, by § 44-146.17 of the *Code of Virginia*, I order the following:

1. All individuals in Virginia shall remain at their place of residence, except as provided below by this Order and Executive Order 53. To the extent individuals use shared or outdoor spaces, whether on land or on water, they must at all times maintain social distancing of at least six feet from any other person, with the exception of family or household members or caretakers. Individuals may leave their residences for the purpose of:

   a. Obtaining food, beverages, goods, or services as permitted in Executive Order 53;

   b. Seeking medical attention, essential social services, governmental services, assistance from law enforcement, or emergency services;

   c. Taking care of other individuals, animals, or visiting the home of a family member;

   d. Traveling required by court order or to facilitate child custody, visitation, or child care;

   e. Engaging in outdoor activity, including exercise, provided individuals comply with social distancing requirements;

   f. Traveling to and from one's residence, place of worship, or work;

     g. Traveling to and from an educational institution;

     h. Volunteering with organizations that provide charitable or social services; and

     i. Leaving one's residence due to a reasonable fear for health or safety, at the direction of law enforcement, or at the direction of another government agency.

2. All public and private in-person gatherings of more than ten individuals are prohibited. This includes parties, celebrations, religious, or other social events, whether they occur indoor or outdoor. This restriction does not apply:

     a. To the operation of businesses not required to close to the public under Executive Order 53; or

     b. To the gathering of family members living in the same residence.

3. Institutions of higher education shall cease all in-person classes and instruction, and cancel all gatherings of more than ten individuals. For purposes of facilitating remote learning, performing critical research, or performing essential functions, institutions of higher education may continue to operate, provided that social distancing requirements are maintained.

4. Effective April 1, 2020 at 11:59 p.m., cessation of all reservations for overnight stays of less than 14 nights at all privately-owned campgrounds, as defined in § 35.1-1 of the *Code of Virginia*.

5. Closure of all public beaches as defined in § 10.1-705 of the *Code of Virginia* for all activity, except exercising and fishing. Social distancing requirements must be followed.

6. All relevant state agencies shall continue to work with all housing partners to execute strategies to protect the health, safety, and well-being of Virginians experiencing homelessness during this pandemic and to assist Virginians in avoiding evictions or foreclosures.

7. As provided in Executive Order 53, nothing in this Order shall limit: (a) the provision of health care or medical services; (b) access to essential services for low-income residents, such as food banks; (c) the operations of the media; (d) law enforcement agencies; or (e) the operation of government.

    Violation of paragraphs 2, 3, 4, and 5 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the *Code of Virginia*.

**Effective Date of this Executive Order**

This Executive Order shall be effective March 30, 2020, amends Amended Order of the Governor and State Health Commissioner Declaration of Public Health Emergency, Order of Public Health Emergency One and Executive Order 53, and shall remain in full force and in effect until June 10, 2020, unless amended or rescinded by further executive order.

Given under my hand and under the Seal of the Commonwealth of Virginia, this 30th day of March, 2020.



Ralph S. Northam, Governor

Attest:

Kelly Thomasson, Secretary of the Commonwealth

3

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL20000410-00

RUSSELL COUNTY CIRCUIT COURT

53 EAST MAIN STREET, LEBANON, VA 24266
ADDRESS

TO:

MARK HERRING ATTORNEY GENERAL

900 EAST MAIN STREET

RICHMOND, VA 23219

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

APRIL 2, 2020
DATE

ANN S. MCREYNOLDS     Clerk

by _Kindra Cook_
DEPUTY CLERK

Instructions: ...........................................................................................................

Hearing Official: (Gave To T. Shea Cook)

FORM CC-1400 MASTER 10/13

—COPY—

# SERVICE OTHER THAN BY VIRGINIA SHERIFF
COMMONWEALTH OF VIRGINIA
VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Case No. CL20000410-00

Service No. .................................... (Clerk's use only)

RUSSELL ........................................... Circuit Court

LARRY HUGHES ............................. v. RALPH S. NORTHAM

900 EAST MAIN STREET RICHMOND, VA 23219 ATTN: MARK HERRING

is the name and address of the person upon whom service of the following is to be made:

[X] Summons and Complaint

[ ] .......................................................

I, the undersigned, swear/affirm that

1. [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

   ..............................................................

   or,

   [ ] I am a private process server (list name, address and telephone number below).

   ..............................................................

   or,

   [ ] I am an investigator employed by an attorney for the Commonwealth or the Indigent Defense Commission and have retired or resigned from my prior position as a law-enforcement officer in good standing. I affirm that the sheriff for the jurisdiction where process was served has agreed that such investigators may serve process. (List name, title and agency below.)

   ..............................................................

2. I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3. I am 18 years of age or older.
4. I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

   — Date and time of service: ..............................................................

   — Place of service: ..............................................................
   STREET ADDRESS, CITY AND STATE

   — Method of service:

   | [ ] Personal Service | [ ] Not Found |

   [ ] Being unable to make personal service, a copy was delivered in the following manner:
      [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party ..............................................................
      [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).
      [ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

   ..............................................................
   DATE OF MAILING

..........................................   ..........................................
DATE                                        SIGNATURE

State/Commonwealth of .............................. , [ ] City [ ] County of ..............................

Subscribed and sworn to/affirmed before me this .......... day of .............. , 20 ......

by ..............................................................
PRINT NAME OF SIGNATORY                                                TITLE

..........................................
DATE
NOTARY PUBLIC (My commission expires .......................... )
Registration No. ..........................

FORM CC-1407 MASTER 07/18

– Copy –

Ann S. McReynolds, Clerk
Russell County Circuit Court
PO Box 435
Lebanon, VA 24266

United States District Court
Western District- Abingdon Division
180 West Main Street, Room 104
Abingdon, VA 24210



7005 3110 0000 0349 7549

FIRST-CLASS

02 7H
0001269634
MAILED FROM ZIP CODE 24266
APR 13 2020
$008.00⁰
US POSTAGE
PITNEY BOWES